## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DENISE PAYNE,

      Plaintiff,

v.

WILLIAMS MAGNOLIA PROPERTIES,
LLC, MOON THAI & JAPANESE, INC.,
D/B/A MOON THAI & JAPANESE,
YJBM ENTERPRISES, LLC D/B/A
PELICAN'S SNOBALLS, REGAL
CINEMAS, INC., D/B/A REGAL
MAGNOLIA PLACE, and DOLLAR
TREE STORES, INC., D/B/A DOLLAR
TREE #4112,

      Defendants.

_____/

## COMPLAINT

Plaintiff, DENISE PAYNE, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues Defendants, WILLIAMS MAGNOLIA PROPERTIES, LLC, MOON THAI & JAPANESE, INC., D/B/A MOON THAI & JAPANESE, YJBM ENTERPRISES, LLC D/B/A PELICAN'S SNOBALLS, REGAL CINEMAS, INC., D/B/A REGAL MAGNOLIA PLACE, and DOLLAR TREE STORES, INC., D/B/A DOLLAR TREE #4112, and as grounds alleges:

## JURISDICTION, PARTIES. AND VENUE

1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42

U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.       Plaintiff, DENISE PAYNE, is an individual over eighteen years of age, residing in Florida, and is otherwise *sui juris*.

5.       At all times material, Defendant, WILLIAMS MAGNOLIA PROPERTIES, LLC, was and is a Florida Limited Liability Company, with its principal place of business in Clearwater, Florida.

6.       At all times material, Defendant, WILLIAMS MAGNOLIA PROPERTIES, LLC, owned and operated a commercial shopping center at 9549-9675 Westview Drive Coral Springs, Florida 33076 (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. Defendant, WILLIAMS MAGNOLIA PROPERTIES, LLC, holds itself out to the public as "MAGNOLIA SHOPPES."

7.       At all times material, Defendant, MOON THAI & JAPANESE, INC., D/B/A MOON THAI & JAPANESE, was and is a Florida Profit Corporation, with its principal place of business in Coral Springs, Florida.

8.       At all times material, Defendant, MOON THAI & JAPANESE, INC., owned and operated a commercial restaurant located at 9637 Westview Drive, Coral Springs, Florida 33076[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that

---

[1] This address is located within the commercial shopping center and place of public accommodation at 9549-9675 Westview Drive, Coral Springs, Florida 33076 owned and operated by landlord Defendant, WILLIAMS MAGNOLIA PROPERTIES, LLC.

place of public accommodation in Broward County, Florida. Defendant, MOON THAI & JAPANESE, INC., holds itself out to the public as "MOON THAI & JAPANESE."

9.    At all times material, Defendant, YJBM ENTERPRISES, LLC D/B/A PELICAN'S SNOBALLS, was and is a Florida Limited Liability Company, with its principal place of business in Coral Springs, Florida.

10.    At all times material, Defendant, YJBM ENTERPRISES, owned and operated a commercial store located at 9641 Westview Drive, Coral Springs, Florida 33076[2] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. Defendant, YJBM ENTERPRISES, holds itself out to the public as "PELICAN'S SNOBALLS."

11.    At all times material, Defendant, REGAL CINEMAS, INC., was and is a Foreign Profit Corporation, with its principal place of business in Knoxville, Tennessee.

12.    At all times material, Defendant, REGAL CINEMAS, INC., owned and operated a commercial movie theater located at 9645 Westview Drive, Coral Springs, Florida 3307[3] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. Defendant, REGAL CINEMAS, INC. holds itself out to the public as "REGAL MAGNOLIA PLACE."

13.    At all times material, Defendant, DOLLAR TREE STORES, INC., D/B/A DOLLAR TREE #4112, was and is a Foreign Profit Corporation, with its principal place of business in Chesapeake, Virginia.

---

[2] This address is located within the commercial shopping center and place of public accommodation at 9549-9675 Westview Drive, Coral Springs, Florida 33076 owned and operated by landlord Defendant, WILLIAMS MAGNOLIA PROPERTIES, LLC.
[3] This address is located within the commercial shopping center and place of public accommodation at 9549-9675 Westview Drive, Coral Springs, Florida 33076 owned and operated by landlord Defendant, WILLIAMS MAGNOLIA PROPERTIES, LLC.

14.     At all times material, Defendant, DOLLAR TREE STORES, INC., owned and operated a commercial store located at 9569 Westview Drive, Coral Springs, Florida 33076[4] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida. Defendant, DOLLAR TREE STORES, INC., holds itself out to the public as "DOLLAR TREE #4112."

15.     Venue is properly located in the Southern District of Florida because Defendants' shopping center and the properties within are located in Broward County, Florida, and Defendants regularly conduct business within Broward, Florida, and because a substantial part of the events or omissions giving rise to this claim occurred in Broward, Florida.

<u>FACTUAL ALLEGATIONS</u>

16.     Although nearly thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

17.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' business(es).

18.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

19.     Plaintiff, DENISE PAYNE, is an individual with disabilities as defined by and pursuant to the ADA. DENISE PAYNE uses a wheelchair to ambulate. DENISE PAYNE has very limited use of her hands and cannot operate any mechanisms which require tight grasping or

---

[4] This address is located within the commercial shopping center and place of public accommodation at 9549-9675 Westview Drive, Coral Springs, Florida 33076 owned and operated by landlord Defendant, WILLIAMS MAGNOLIA PROPERTIES, LLC.

twisting of the wrist. She is limited in her major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

20.     Defendant, WILLIAMS MAGNOLIA PROPERTIES, LLC, owns, operates and oversees the Commercial Property, its general parking lot and parking spots.

21.     The subject Commercial property is open to the public and is located in Coral Springs, Florida.

22.     The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, regularly, to include visits to the Commercial Property and businesses located within the Commercial Property on or about May 22, 2023, encountering multiple violations of the ADA that directly affected her ability to use and enjoy the Commercial Property and businesses located therein. She often visits the Commercial Property and businesses located within the Commercial Property in order to avail herself of the goods and services offered there, and because it is approximately twenty-one (21) miles from her residence and is near other businesses and restaurants she frequents as a patron. She plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months of the filing of this Complaint.

23.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered her safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DENISE PAYNE, and others

similarly situated.

24.     Defendants, WILLIAMS MAGNOLIA PROPERTIES, LLC, MOON THAI & JAPANESE, INC., D/B/A MOON THAI & JAPANESE, YJBM ENTERPRISES, LLC D/B/A PELICAN'S SNOBALLS, REGAL CINEMAS, INC., D/B/A REGAL MAGNOLIA PLACE, and DOLLAR TREE STORES, INC., D/B/A DOLLAR TREE #4112, own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, WILLIAMS MAGNOLIA PROPERTIES, LLC, MOON THAI & JAPANESE, INC., D/B/A MOON THAI & JAPANESE, YJBM ENTERPRISES, LLC D/B/A PELICAN'S SNOBALLS, REGAL CINEMAS, INC., D/B/A REGAL MAGNOLIA PLACE, and DOLLAR TREE STORES, INC., D/B/A DOLLAR TREE #4112, are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, WILLIAMS MAGNOLIA PROPERTIES, LLC, MOON THAI & JAPANESE, INC., D/B/A MOON THAI & JAPANESE, YJBM ENTERPRISES, LLC D/B/A PELICAN'S SNOBALLS, REGAL CINEMAS, INC., D/B/A REGAL MAGNOLIA PLACE, and DOLLAR TREE STORES, INC., D/B/A DOLLAR TREE #4112, own and/or operate are located at the Commercial Property at 9549-9675 Westview Drive, Coral Springs, Florida 330176.

25.     Plaintiff, DENISE PAYNE, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through VI of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination at the Commercial Property, and business located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not

only to avail herself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure herself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA, so that she and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

26.     Ms. Payne is a staunch advocate of the ADA. Since becoming aware of her rights, and their repeated infringement, she has dedicated her life to this cause so that she, and others like her, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

27.     She is often frustrated and disheartened by the repetitiveness of the complaints she is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. Ms. Payne is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

28.     Defendant, WILLIAMS MAGNOLIA PROPERTIES, LLC, as landlord and owner of the Commercial Property Business, is responsible for all ADA violations listed in Counts I-V of this Complaint. Defendant, MOON THAI & JAPANESE, INC., D/B/A MOON THAI & JAPANESE, as tenant and owner and/or operator of a business within the Commercial Property, is jointly and severally responsible and liable for all ADA violations listed in Count II of this Complaint. Defendant, YJBM ENTERPRISES, LLC D/B/A PELICAN'S SNOBALLS, as tenant and owner and/or operator of a business within the Commercial Property, is jointly and severally responsible and liable for all ADA violations listed in Count III of this Complaint. Defendant, REGAL CINEMAS, INC., D/B/A REGAL MAGNOLIA PLACE., as tenant and owner and/or operator of a business within the Commercial Property, is jointly and severally responsible and

liable for all ADA violations listed in Count IV of this Complaint. Defendant, DOLLAR TREE STORES, INC., D/B/A DOLLAR TREE #4112, as tenant and owner and/or operator of a business within the Commercial Property, is jointly and severally responsible and liable for all ADA violations listed in Count V of this Complaint.

29.     Defendants have discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

## COUNT I – ADA VIOLATIONS AS TO
## DEFENDANT, WILLIAMS MAGNOLIA PROPERTIES, LLC

30.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

31.     Defendant, WILLIAMS MAGNOLIA PROPERTIES, LLC, has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

  A. <u>Parking</u>

i.    The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an

excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Entrance Access and Path of Travel

i.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

ii.  The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not traverse through areas of the facility, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the facility is not provided, violating Sections 4.2.1, 4.3.2(2), & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II – ADA VIOLATIONS AS TO
DEFENDANTS, WILLIAMS MAGNOLIA PROPERTIES, LLC AND MOON THAI &
JAPANESE, INC., D/B/A MOON THAI & JAPANESE**

32.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

33.     Defendants, WILLIAMS MAGNOLIA PROPERTIES, LLC and MOON THAI & JAPANESE, INC., D/B/A MOON THAI & JAPANESE, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and

gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

    A.  <u>Entrance Access and Path of Travel</u>

i.    The Plaintiff could not traverse through areas of the restaurant, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the restaurant is not provided, violating Sections 4.2.1, & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

    B.  <u>Access to Goods and Services</u>

i.    There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    C.  <u>Public Restrooms</u>

i.    The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff could not use the lavatories outside the toilet compartment without assistance, as the required knee and toe clear floor space is not provided. Violation: There are lavatories in public restrooms without the required clearances provided outside the accessible toilet compartment, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 213.3.4, 306, and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet

compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

v.    The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.    The Plaintiff could not transfer to the toilet without assistance, as the side grab bar is not at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Section 604.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.    The Plaintiff could not use the lavatory without assistance, as it is mounted too high. Violation: There are lavatories in public restrooms with the counter surface mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Section 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

<u>**COUNT III – ADA VIOLATIONS AS TO**</u>
<u>**DEFENDANTS, WILLIAMS MAGNOLIA PROPERTIES, LLC AND YJBM**</u>
<u>**ENTERPRISES, LLC D/B/A PELICAN'S SNOBALLS**</u>

34.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

35.     Defendants, WILLIAMS MAGNOLIA PROPERTIES, LLC and YJBM ENTERPRISES, LLC D/B/A PELICAN'S SNOBALLS, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

A.  Public Restrooms

i.    There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not the required length, and the side grab bar is not mounted at the required location. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Section 4.17.6 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

v.  The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser in the accessible toilet compartment is not mounted in accordance with Section 4.17.6 and Figure 30(d) of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.  The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.  The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance was not provided due to the location of a trashcan. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.  The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.  The Plaintiff had difficulty opening the restroom door without assistance, as the door pressure to open the door is excessive. Violation: There are doors at the facility that require excessive force to open them, in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT IV – ADA VIOLATIONS AS TO**
**DEFENDANTS, WILLIAMS MAGNOLIA PROPERTIES, LLC AND REGAL**
**CINEMAS, INC., D/B/A REGAL MAGNOLIA PLACE**

36.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

37.     Defendants, WILLIAMS MAGNOLIA PROPERTIES, LLC and REGAL CINEMAS, INC., D/B/A REGAL MAGNOLIA PLACE, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

  A.  Entrance Access and Path of Travel

i.   There are objects on the path of travel at the facility that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

  B.  Access to Goods and Services

i.   There are drinking fountains that don't provide access to those who have difficulty bending or stooping. Violation: There are drinking fountains that are in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  The Plaintiff could not utilize the dining counter, as it is mounted too high. Violation: There are dining counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The Plaintiff could not use the sales counters without assistance, as they are mounted too high. Violation: There are sales counters at the facility in excess of 36" high, violating Section 7.2(1) of the ADAAG and Section 904.4 of the 2010 ADA Standards, whose resolution is readily achievable.

C.   <u>Public Restrooms</u>

i.     The Plaintiff was exposed to a cutting/burning hazard because the lavatories outside the accessible toilet compartment have pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff could not use the lavatories outside the accessible toilet compartment without assistance, as they are mounted too high. Violation: There are lavatories outside accessible toilet compartments in public restrooms with the counter surfaces mounted too high, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 213.3.4 & 606.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use in the restroom, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and

604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT V – ADA VIOLATIONS AS TO**
**DEFENDANTS, WILLIAMS MAGNOLIA PROPERTIES, LLC AND DOLLAR TREE**
**STORES, INC., D/B/A DOLLAR TREE #4112**

38.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 29 above as though fully set forth herein.

39.   Defendants, WILLIAMS MAGNOLIA PROPERTIES, LLC and DOLLAR TREE STORES, INC., D/B/A DOLLAR TREE #4112, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during her visit to the Commercial Property, include but are not limited to, the following:

A.  Entrance Access and Path of Travel

i.   The Plaintiff could not traverse through areas of the store, as the required 36" path is not provided. Violation: A continuous path of travel connecting all essential elements of the store is not provided, violating Sections 4.2.1, & 4.3.3 of the ADAAG and Sections 206.2.2 & 403.5.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Public Restrooms

i.   The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet,

violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully insulated or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

iv.     The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff had difficulty opening the restroom door without assistance, as the door pressure to open the door is excessive. Violation: There are doors at the facility that require excessive force to open them, in violation of Section 4.13.11 of the ADAAG and Section 404.2.9 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

40.     The discriminatory violations described in this Complaint are not an exclusive list

of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DENISE PAYNE, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

41.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' building(s), businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan.

42.     Defendants have discriminated against the individual Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

43.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

44.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, the Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

45.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff

or waived by the Defendants.

46.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located at and/or within the commercial property located at 9549-9675 Westview Drive, Coral Springs, Florida 330176, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

47.     WHEREFORE, the Plaintiff, DENISE PAYNE, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 14, 2023.

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
jacosta@lawgmp.com

By: ___ */s/ Anthony J. Perez* _____
     ANTHONY J. PEREZ
     Florida Bar No.: 535451
     BEVERLY VIRUES
     Florida Bar No.: 123713